Barrows v. Bezanson                    CV-95-231-SD  02/03/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Gerald Barrows;
Angela Barrows


_____v.                               Civil No. 95-231-SD


Dennis Bezanson;
Fidelity and Guaranty
 Insurance Company


O R D E R

Before the court are several pending motions, including plaintiff Gerald Barrows' motion to be permitted to testify as an expert witness on the subject of cost, sales, and lost profits which would have resulted from the development of his condominium project in Winchester, New Hampshire. The court has previously ruled that expert testimony would be required in order for plaintiffs to recover lost profits. See Order of August 13, 1996, at 19.[*]

_____

[*]By a subsequent order, the court deferred ruling on plaintiff's motion to be permitted to testify as an expert witness (filed August 19, 1996) until such time as Barrows completed and served answers to defendants' expert interrogatories and defendants had an opportunity to depose Barrows. Order of Sept. 30, 1996. The court gave defendants until November 15, 1996, to file a motion for ruling on the pending

In said order, the court wrote the following on the subject of what plaintiffs must do to show lost profits.

> "While the law does not require absolute certainty for recovery of damages, . . . [plaintiffs will be entitled to] an award of damages for lost profits only if sufficient relevant data supports a finding that profits were reasonably certain to result." Great Lakes Aircraft Co. v. City of Claremont, 135 N.H. 270, 296, 608 A.2d 840, 857 (1992) (citing Petrie-Clemons v. Butterfield, 122 N.H. 120, 125, 441 A.2d 1167, 1171 (1982); Hydraform Prods. Corp. v. American Steel & Aluminum Corp., 127 N.H. 187, 197, 498 A.2d 339, 345 (1985)). Cf. Bezanson v. Fleet Bank-NH, 29 F.3d 16, 21 (1st Cir. 1994) (citing Great Lakes Aircraft Co. and Hydraform Prods. Corp. and noting that lost profits claims premised upon the argument that a business venture would have generated a specified amount of profit but for the defendant's wrongful conduct "are often quite speculative; they depend upon how a variety of variables affecting a stream of revenues and expenses would have played out over time, if the wrongdoing had not occurred"), appeal after remand aff'd without opinion, 45 F.3d 423 (1st Cir. 1995).
>
> The "sufficient relevant data" necessary to support the "reasonably certain" profit result need not assess all conceivable factors. See Independent Mechanical Contractors, Inc. v. Gordon T. Burke & Sons, Inc., 138 N.H. 110, 117, 635 A.2d 487, 491 (1993). That said, a plaintiff is required to present "evidence on lost profits [which] provides enough information under the circumstances to permit the fact finder to reach a reasonably certain determination of the amount of gains prevented." Id. at 118, 635 A.2d at 491 (citation omitted). Such presentation is accomplished through the introduction of opinion testimony grounded upon relevant data sufficient

---

motion should they wish to continue to assert their challenge to his expert qualifications. In keeping with the court's order, defendants filed such motion on November 13, 1996.

> to estimate a plaintiff's alleged losses to a reasonable certainty. <u>See</u> <u>Fitz v. Coutinho</u>, 136 N.H. 721, 726-27, 622 A.2d 1220, 1224-25 (1993).

<u>Id.</u> at 18-19. The court then ruled that plaintiffs must prove both "the <u>fact</u> of lost profits as well as the <u>amount</u> with reasonable certainty." <u>Id.</u> (quotations omitted).

Defendants object to plaintiff's motion on the ground that Barrows lacks the threshold qualifications to offer expert opinions on the fact and amount of lost profits. Under the Federal Rules of Evidence, a witness can be qualified to testify as an expert witness on the basis of his or her "knowledge, skill, experience, training, or education." <u>See</u> Rule 701, Fed. R. Evid. Under Rule 702, the trial judge must determine whether it is <u>reasonably likely</u> that the expert possesses specialized knowledge which will assist the trier better to understand a fact in issue." <u>United States v. Alzanki</u>, 54 F.3d 994, 1004-05 (1st Cir. 1995) (quotation omitted).

Stripped to its essentials, defendants' argument is that Barrows' lack of experience in real estate marketing makes him unqualified to testify as an expert on such marketing issues as whether the condominium units would have sold, the price at which they would have sold, etc. Barrows asserts that his experience as a builder and his intimate knowledge of the project at hand make him qualified to testify on the issue of lost profits. The court has reviewed Barrows' expert report, his responses to

3

interrogatories, and his deposition testimony.  It appears that, although Barrows does have experience as a builder, his experience with the type of marketing analysis necessary to calculate lost profits is limited.  Accordingly, the court finds and rules that Barrows is not qualified to testify as an expert on the subject of lost profits.  However, nothing herein shall preclude Barrows from testifying on other issues relating to his case.

Conclusion

For the foregoing reasons, the court denies plaintiff's motion to be permitted to testify as an expert witness (document 75), grants defendants' motion for a ruling on plaintiff's motion (document 90), and grants plaintiff's motion to file a reply memorandum (document 91).  The plaintiffs shall have until Thursday, February 27, 1997, to locate an expert, disclose same, and provide a copy of said expert's report to defendants.  Defendants shall have until March 27, 1997, to identify an opposing expert.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 3, 1997

cc:  Gerald Barrows, pro se
     Angela Barrows, pro se
     Robert W. Daniszewski, Esq.
     Gerald B. Karonis, Esq., US Trustee

4